## JONES v. NYE.

No. 6850.   Opinion Filed March 21. 1916.

(156 Pac. 332.)

1.   **JUDGMENT—Revival—Time for Proceeding.** An order to revive a judgment in the name of the representatives or successors of the plaintiff cannot be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made.

2.   **SAME—Actions on Judgment—Limitation.** The personal representatives of the owner of a judgment which has become dormant by reason of the death of the judgment creditor may sue on the dormant judgment and recover another judgment thereon without having first had the judgment sued on revived in the manner prescribed by statute for the revivor of judgments, but such a suit must be commenced within the time in which a revivor can be had, because after the time within which a dormant judgment can be revived in this state has expired such a judgment is no longer dormant. but is dead.

(Syllabus by Wilson, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Melissa Jones, in her own behalf and as administratrix of the estate of Henry C. Jones, against Luther A. Nye. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. E. Wells* and *Frank E. Lee,* for plaintiff in error.

*C. T. Huddleston,* for defendant in error.

Opinion by WILSON, C. This is an action to reverse a judgment of the district court of Okfuskee county sustaining a demurrer to the petition filed therein by the plaintiff in error, as plaintiff, and dismissing the action. The suit in the court below was one to recover on a judgment theretofore rendered in favor of the plaintiff, Melissa

Jones, and her husband, Henry C. Jones, on October 11, 1911. This action was instituted in the trial court on August 1, 1913.

Plaintiff in error alleges that after the rendition of the judgment sued on, and on the 20th day of February, 1912, Henry C. Jones, one of the judgment creditors, died, and that plaintiff was subsequently appointed administratrix of his estate and qualified as such administratrix on the 12th day of April, 1912, but there is no allegation that the judgment had been revived in the name of such administratrix. It was further alleged that the judgment sued on had been appealed to the Supreme Court of the state, and that the appeal was dismissed for the reason that the action had not been revived in the name of the personal representative of Henry C. Jones within the prescribed statutory period of one year. The demurrer alleged as grounds therefor, among other things, that the petition did not state facts sufficient to constitute a cause of action, and that the action was barred by the statute of limitations. The only real issue seems to be whether it appears on the face of the petition that the action to recover on the judgment was barred by the statute.

The statutory method of reviving a dormant judgment is cumulative, and such a judgment may be revived, or at least the obligation renewed, by an action to recover thereon being commenced in a proper court within one year from the date of its becoming dormant, and another judgment being recovered. *Baker v. Hummer*, 31 Kan. 325, 2 Pac. 808.

The petition shows on its face that the plaintiff in error, Melissa Jones, qualified as the administratrix of the estate of Henry C. Jones on the 12th day of April,

1912, and that this action was instituted in the court below on the 1st day of August, 1913, more than one year after a proceeding to revive, under the statute, could with due diligence have been commenced, and nearly eighteen months after the judgment became dormant by reason of the death of Henry C. Jones. The statute governing the revivor of actions in force at the time this action was instituted was as follows:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made. * * *" (Section 5294, Rev. Laws 1910.)

Section 5300 of the same statutes provided:

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

These two sections were adopted from the Kansas statutes, and it is a well-settled rule of the law of interpretation of statutes that, when a statute of one state is adopted from the statutes of another state, the interpretation by the court of last resort of the state from which the statute was taken is presumed to have been adopted as the correct interpretation of the adopted statute.

It is the contention of plaintiff in error that section 5300 of our statutes, *supra*, does not fix the time in which a judgment may be revived, and that consequently the time within which her action could have been commenced was fixed by the general statutes of limitations, but that statute had been so often construed by the Supreme Court

of Kansas at the time of its adoption by this state to the effect that a judgment that has become dormant from any cause must be revived within a year, and that interpretation of the meaning of the statute not being contrary to the Constitution or any well-defined legislative policy of this state, and not being contrary to the decided weight of opinion of other states having similar statutes, we see no reason why that interpretation should not be adhered to by this court.

Not only is it true that the Kansas Supreme Court has held that a judgment must be revived within one year from the date of its becoming dormant, but our own Supreme Court, in the case of *Atchison, T. & S. F. Ry. Co. v. Fenton,* in an opinion by Crow, C., has held that, when a judgment has become dormant by reason of the death of the judgment creditor, and is not revived within one year thereafter, it becomes dead. *A., T. & S. F. Ry. Co. v. Fenton,* 54 Okla. 240, 153 Pac. 1130. To the same effect see *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630, in which the court said:

"For nearly a quarter of a century this court has held, in substance and effect, that if, for any cause, a judgment becomes dormant, it can only be revived within one year from the time that such revivor could first have been had."

In *Angell v. Martin,* 24 Kan. 334, it was said by the court:

"A dormant judgment cannot be revived without the consent of the defendant unless such revivor is applied for within one year after the same has become dormant."

This action is not, strictly speaking, an action to revive the judgment, but is an action to renew the obliga-

tion of the judgment by recovering another judgment thereon. The judgment sued on became dormant upon the death of Henry C. Jones, but it could have been revived within a "year from the time the order might have been first made," and during the year within which it could have been revived it was not dead, but only slumbering, so to speak, and retained enough vitality to sustain an action such as the one plaintiff has attempted to institute by the proceeding involved in this appeal. In other words, as long as there was enough life in the dormant judgment to sustain a revivor thereof, there was enough life therein to sustain an action thereon, but, when that time had expired within which an order reviving it could have been made, then every spark of life had 'died out of it; it was dead, and it could not sustain an action to recover a judgment thereon. 2 Freeman on Judgments (4th Ed.) par. 432; *Baker v. Hummer,* 31 Kan. 325. **2** Pac. 808; *Dempsey v. Oswego Twp.,* 51 Fed. 97-99, 2 C. C. A. 110; *A., T. & S. F. Ry. Co. v. Fenton, supra.*

In their contention that the suit involved in this appeal can be maintained after the expiration of the time in which the judgment could have been revived, counsel for plaintiff in error rely chiefly on the authority of *Boyes v. Masters,* 28 Okla. 409, 114 Pac. 710, 33 L. R. A. (N. S.) 576; but that case is not a controlling authority. That case involved the right to revive a pending, but suspended, action, while the question here involved is the right to sue on a judgment after it has become dormant, and after the time in which it could have been revived had expired. In the *Boyes v. Masters Case,* the court held that there were two ways to revive an action; that one provision of the statute made it mandatory on the court or judge to make

an order of revivor upon the statutory prerequisites being complied with within a year; and that the other way, and the one pursued in that case, left the question of reviving the action to the sound discretion of the court upon a proper showing being made. At the time of the action complained of in the Boyes Case section 4238, Wilson's Rev. & Ann. Statutes, was as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party, the court may allow the action to continue by or against his representatives or successor in interest. * * *"

Section 4348 of the same statutes reads as follows:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

The holding of the court was that the cause being considered by it had, by reason of section 4238, *supra,* not abated, and that because the action could not be revived by the method prescribed by the statute fixing the one-year limitation, it could be revived by the filing of a supplemental petition, as prescribed by section 4348, *supra;* the court in the opinion using this language:

"That as in equity a suit becomes in one way defective by the death of a party, so this cause became defective on the death of Wickford, and later upon the death of his wife, but did not abate by reason of section 4238, *supra;* that, not abating after the remedy afforded by said article was not available by reason of lapse of time, it could only be revived by pursuing the procedure afforded by section 4348, *supra,* prescribing a remedy concurrent with that

prescribed by said article and analogous to that afforded under the old chancery system, which was that on the death of a party, the action not abating, the same could be revived only by a bill of revivor, a bill of revivor and supplement, and by an original bill in the nature of a bill of revivor."

The effect of the opinion in the *Boyes v. Masters Case* was to decide that there were (and are) two methods to revive an action which has become defective by the death of one of the parties, both being authorized by statute, and that in proper cases a revivor may be had by the filing of a supplemental petition after the expiration of one year. There is, however, only one way by which a dormant judgment can be revived, and, while a dormant judgment will support an action to recover another judgment thereon, pending the time within which it can be revived, after that time has expired the judgment is not dormant, but has become dead, and an action to recover a judgment thereon cannot be maintained.

Plaintiff in error's petition in the district court alleges that the judgment sued on was superseded by the filing of a supersedeas bond and the lodging of an appeal in the Supreme Court, which was dismissed on the 26th day of November, 1912, and plaintiff contends that, if the one-year limitation was controlling, the time within which the judgment could have been revived was postponed by such appeal and supersedeas bond. This contention, however, cannot be sustained, for the reason that the filing of a supersedeas bond and the institution of a proceeding in error in the Supreme Court did not operate further than to stay proceedings on the judgment. The district court had the power to revive the judgment pending the appeal in the manner prescribed by

the statute. *Central Branch U. P. Ry. Co. v. Andrews,* 34 Kan. 563, 9 Pac. 213.

It appearing on the face of the petition that the judgment creditor, Henry C. Jones, died on the 20th day of February, 1912, that Melissa Jones· was appointed administratrix of his estate and qualified as such on April 12, 1912, and that this action was not commenced until August 1, 1913, and it further appearing that said judgment had not been revived in the name of the administratrix at the time this action was commenced, and that more than a year had transpired between the time a revivor of the judgment could have been had and the date of the commencement of this action, plaintiff's petition failed to state a cause of action by reason of the fact that the time had expired within which such an action could have been revived after the judgment sued on had become dormant and said judgment had become dead.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.