PHILLIPS, Adm'x, v. WESTERN ELEC. CO.

No. 14667—Opinion Filed May 19, 1925.

(Syllabus.)

**Judgment — Action on Dormant Judgment Without Revival—Limitations.**

The owner of a judgment which has become dormant by reason of death of the judgment debtor may sue on the dormant judgment and recover another judgment thereon without first having had the judgment sued on revived in the manner prescribed by the statute for the revivor of judgments, but such a suit must be commenced within the time in which a revivor can be had.

Error from County Court, Grady County; R. E. Davenport, Judge.

Action by the Western Electric Company against Mrs. M. A. Phillips, administratrix. Judgment for plaintiff, and defendant brings error. Affirmed.

Bond, Melton & Melton, for plaintiff in error.

S. C. Durbin and O. W. Patchell, for defendant in error.

RILEY, J. This action was commenced in the county court of Grady county, Okla., on March 11, 1922, by defendant in error, as plaintiff, against plaintiff in error as de-

fendant. The parties will be mentioned as they appeared in the trial court.

This cause was submitted to the trial court upon an agreed statement of facts, as follows:

"1. That plaintiff filed this suit on the 11th day of March, 1922, and prior to the filing of said suit and to wit, on the 5th day of January, 1922, a claim was presented to Mrs. M. A. Phillips, administratrix of the estate of S. D. Phillips, deceased, by A. Sidney Hancock, a notary, as shown by Exhibit A. attached hereto and made a part of this agreed statement of facts, and that said claim remained in the hands of said administratrix for a period of more than ten days, and said administratrix declined to allow or disallow the same; that the judgment, the basis of said claim, Exhibit A, was rendered in the county court of Grady county, Okla., on the 25th day of June, 1917; that no execution has ever been issued upon said judgment; that no revivor of said judgment has been made unless as a matter of law the filing of this suit is equivalent to a revivor; that S. D. Phillips, the judgment debtor mentioned in said judgment, a copy of which is hereto attached and marked Exhibit B, and made a part of this agreed statement of facts, died intestate within the county of Grady, state of Oklahoma, on or about the 22nd day of November, 1921, and after his death herein, Mrs. M. A. Phillips was appointed administratrix and letters of administration issued to said defendant on the 16th day of December 1921, and she duly qualified as such upon said date; that thereafter, and to wit—notice to creditors to present their claims was given by said administratrix in the manner and form provided by law; that such notice to creditors was dated December 17, 1921, first published December 22, 1921. * * *"

On April 22, 1923, the court rendered judgment against the defendant for the amount of the original judgment, with interest and costs, and the defendant in due course appealed to this court, and now urges four assignments of error, which may be considered under one proposition as follows: That the judgment herein is void because the original judgment became dormant upon the death of Phillips, the judgment debtor, and it has never been revived in the manner required by the statutes providing for revivor of dormant judgments. It appears that plaintiff sought relief by presenting its claim to the administratrix and seeking payment thereon as provided by secton 1238, C. O. S. 1921; that such claim being neither allowed nor rejected, failure to act upon the same was equivalent to rejection on the tenth day. Thereafter plaintiff filed suit in the county court within the three months after date

of rejection of his claim as provided by section 1240, C. O. S. 1921.

We are called upon to decide whether one seeking to revive a judgment must do so in the manner provided by the statutes—that is, by motion and notice made within one year after such judgment became dormant—or whether such party desiring to revive a dormant judgment may, within the time limited by statute, revive a dormant judgment by having a second judgment rendered thereon.

In Jones v. Nye, 56 Okla. 578, 156 Pac. 332, this court said:

"The statutory method of reviving a dormant judgment is cumulative, and such a judgment may be revived, or at least the obligation renewed, by an action to recover thereon being commenced in a proper court within one year from the date of its becoming dormant, and another judgment being recovered." Baker v. Hummer, 31 Kan. 325.

If the time has expired within which a dormant judgment can be revived, such a judgment is no longer dormant, but is dead.

It is likewise said in Jones v. Nye, supra:

"As long as there was enough life in the dormant judgment to sustain a revivor thereof. there was enough life therein to sustain an action thereon."

Kothman v. Skaggs, 29 Kan. 4 (2nd Ed.), in a case similar to the one at hand, makes use of the following language:

"The judgment might also, without any final revivor, be used as the foundation of an action against the representatives or successor of the deceased."

We are of the opinion that an obligation evidenced by a dormant judgment may be renewed by a new action, to recover thereon, being commenced in a proper court within one year from the date of such judgment becoming dormant and securing another judgment thereby, and that the statutory method of reviving a dormant judgment is not indispensable in such a proceeding.

This being the only point in controversy, we are of the opinion that the judgment of the trial court should be affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 34 C. J. pp. 668. 1081. 1082.