## NORVELL et al. v. MITCHELL et al.

No. 19446.　Opinion Filed Sept. 9, 1930.

Woodson E. Norvell, for plaintiffs in error.

Davidson & Williams and Bert E. Johnson, for defendants in error.

LESTER, V. C. J. The defendants in error originally recovered a judgment against C. L. Reeder, during the lifetime of the latter. The judgment included an attachment on certain real estate belonging to C. L. Reeder, and the property seized was thereafter sold leaving a deficiency which is now asserted by the defendants in error to be a claim against Reeder's estate.

It is claimed by the plaintiffs in error that, under sections 1240, 1242, 1247, C. O. S. 1921, the jurisdiction of the courts in such an action includes the deficiency on the original judgment.

The defendants in error assert that it is not necessary to file a new action, but that the revivor of the original action in the name of the administrator was proper and duly authorized by the statutes, and quote the following sections of the Compiled Statutes of Oklahoma 1921:

"Section 828. When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survives in favor of or against his representatives or successors, the action may be revived and proceed in their names.

"Section 829. The revivor shall be by an order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them.

"Section 830. The order may be made on the motion of the adverse party or representatives or successor of the party who died, or whose power ceased, suggesting his death or the cessation of his powers, which, with the names and capacities of his representatives or successor, shall be stated in the order.

"Section 831. If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made. * * *

"Section 834. Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representatives, the revivor shall be against them; and it may also be against the heirs and devisees of the defendant, or both, when the right of action, or any part thereof, survives against them. * * *

"Section 836. An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

"Section 842. If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

Plaintiffs in error do not cite a single case to support their contention. We think that section 842, supra, authorizes the proceedings had in the court below, and the appeal is without merit.

Judgment is affirmed.

MASON, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

CLARK and RILEY, JJ., absent.

HUNT, J., disqualified and not participating.