TUCKER v. GAUTIER et al.

No. 30812. Dec. 18, 1945.

164 P. 2d 613.

W. D. Greenshield, of Ponca City, and A. B. Honnold, of Tulsa, for plaintiff in error.

John C. Drennan, of Medford, for defendants in error.

PER CURIAM. This appeal is from orders and judgments which sustained demurrers and motions to dismiss in three consolidated actions. The issue submitted for determination is whether the death of one judgment debtor under a joint and several judgment for money only operates to render the judgment dormant and to extinguish the lien of the judgment where revivor of such judgment has not been had within one year after the death of such judgment debtor.

The plaintiff in error, hereinafter referred to as plaintiff, owned a money judgment which had been rendered on October 5, 1936, against T. T. Gautier and Ellen Gautier and each of them and on which an execution issued on June 30, 1937, had been returned nulla bona. The judgment debtor T. T. Gautier departed this life intestate on October 3, 1937, and the remaining judgment debtor, Ellen Gautier, departed this life on April 30, 1940. Plaintiff on February 21, 1941, instituted an action against the persons in possession and the heirs of the above named judgment debtors to cancel certain conveyances and to establish the lien of said judgment upon interest in real estate alleged to have been the property of the judgment debtors at the time of their deaths. Thereupon, on March 6, 1941, administrators for the estates of the respective judgment debtors were duly appointed and gave notice to creditors, whereupon plaintiff duly filed his claim with each of said administrators for the amount due upon his judgment. The claims so filed were rejected, and thereupon plaintiff, within the time provided for that purpose, instituted separate actions against the estates of the respective judgment debtors on July 28, 1941. The actions so begun were consolidated and thereupon demurrers and motions to dismiss based on the ground that the death of the judgment debtor T. T. Gautier had operated to render the judgment dormant and the failure to revive that judgment within one year thereafter had extinguished the judgment and any lien thereof were interposed thereto. The demurrers and motions so interposed were sustained, and when plaintiff elected to stand upon his pleadings the actions were dismissed and judgment was entered for the defendants. This appeal is from the order and judgment in the cases as consolidated.

The plaintiff as grounds for reversal contends, in substance, that the judgment never became dormant and that his actions were instituted in the manner and time provided by law, and that therefore the demurrers and motions to dismiss were erroneously sustained. In support of the contention so made plaintiff cites 58 O. S. 1941 §§ 346 and 591; Phillips v. Western Electric Co., 108 Okla. 274, 236 P. 425; Jones v. Nye, 56 Okla. 578, 156 P. 332, L. R. A. 1916E, 735; In re Wiley's Estate, 138 Cal. 301, 71 P. 441; Baker v. Hummer, 31 Kan. 325, 2 P. 808.

The defendants urge that the judgment should be affirmed under the authority of Drew v. Thurlwell, 173 Okla. 405, 48 P. 2d 1066, 100 A.L.R. 806; 12 O. S. 1941, §§ 1069, 1071, 1072, and 1077; and in support of such contention also cite Edward Thompson Co. v. Bristow, 116 Okla. 243, 244 P. 429; Bartlett Mortgage Co. v. Morrison, 183 Okla. 214, 81 P. 2d 318; Baker v. Diechman, 185 Okla. 452, 94 P. 2d 246. The applicability or the lack thereof of the statutes and decisions thus cited to the issue here submitted for decision will appear from what is hereafter said.

The death of a judgment debtor does not ipso facto render the judgment dormant (15 R. C. L. 621, § 62), and where a judgment does not become dormant no revivor is necessary. 58 O. S. 1941, § 346; Ray v. Elson, 190 Okla. 250, 123 P. 2d 245; Gray v. Marrs, 184 Okla. 595, 89 P. 2d 316. 122 A. L. R. 747:

Perry v. Lebel, 182 Okla. 128, 76 P. 2d 261. Revivor of a judgment may be had in the manner directed by 12 O. S. 1941, § 1077, as we held in Norvell v. Mitchell, 144 Okla. 201, 291 P. 79; however, such procedure is merely cumulative and is not mandatory nor exclusive. See Phillips v. Western Electric Co., 108 Okla. 274, 236 P. 426; Jones v. Nye, supra. Where the judgment is one for money only and the judgment debtor dies, the procedure to enforce the judgment is that set forth in 58 O. S. 1941 § 346, which reads as follows:

"When any judgment has been rendered for or against the testator or intestate in his life-time, no execution shall issue thereon after his death, except:

"1. In case of the death of the judgment creditor, upon the application of his executor or administrator or successor in interests.

"2. In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon.

"A judgment against the decedent for the recovery of money, must be presented to the executor or administrator, like any other claim. If the execution is actually levied upon any property of the decedent before his death, the same may be sold for the satisfaction thereof, and the officer making the sale must account to the executor or administrator for any surplus in his hands."

It will be observed from the foregoing quotation that it is made the mandatory duty of the judgment creditor who owns a judgment for money only to file a claim therefor with the executor or administrator of the estate of his deceased judgment debtor. Where a judgment creditor does this and the claim is allowed, the rights of the judgment creditor under his judgment are preserved in every respect, and where the claim is disallowed, he is thereupon relegated to the procedure provided in 58 O. S. 1941 § 339; and any judgment thus obtained establishes his claim as if it had been allowed by the executor and with the same result. See 58 O. S. 1941 § 345 and Morton v. Adams, 124 Cal. 229, 56 P. 1038, 71 A. S. R. 53, and In re Wiley's Estate; supra.

In the case at bar the judgment involved was against T. T. Gautier and Ellen Gautier and each of them. This constituted a joint and several judgment which the judgment creditor could enforce against either or both of the judgment debtors. On the death of T. T. Gautier no execution could issue on the judgment and a claim for said judgment had to be filed against his estate (58 O. S. 1941 § 346). The liability of the other judgment debtor, Ellen Gautier, was, however, in no respect altered thereby, and as to such judgment debtor the judgment creditor was at liberty to proceed under his judgment until her death, which occurred on April 30, 1940, at which time the judgment creditor was then relegated to the statutory procedure above outlined. When administrators were appointed for the estates of the respective judgment debtors, plaintiff was required to file his claim with them for his judgment. The plaintiff pursued the statutory remedy afforded him, filed his claims within time given by notice, and upon their rejection instituted actions thereon within the time provided for such purpose. Under these circumstances, we are of the opinion, and hold, that the actions were proper and within time, and that Drew v. Thurlwell, supra, was wholly without application. It follows from what has been said and the statutes and decisions above cited that the trial court erred in sustaining demurrers and motions to dismiss in the consolidated cases. The cause is therefore reversed, with directions to overrule the demurrers and motions to dismiss and to reinstate the action and to allow such other and further proceedings as may be proper in accord with the views herein expressed.

Reversed, with directions.

GIBSON, C. J., HURST, V. C. J.; and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.