LALLATHIN; Adm'x, v. KEATON et al.

No. 32206. March 11, 1947.

*178 P. 2d 101.*

H. S. Samples and G. R. Horner, both of Okmulgee, for plaintiff in error.

M. A. Dennis, of Okmulgee, for defendants in error.

HURST, C. J. This is an appeal by plaintiff Iona Lallathin from an order sustaining the motion of defendants for judgment on the pleadings and dismissing the cause. The following facts appear from the plaintiff's petition: On February 15, 1932, Elmer Lallathin recovered a judgment in the district court of Okfuskee county against Betty Ann Oil Company. Execution issued on said judgment on June 22, 1932, was returned "no property found". Lallathin thereafter commenced cause No. 18392 in the district court of Okmulgee county against J. B. Keaton, H. A. Keaton, C. D. Gold and M. B. Gold, stockholders in the Betty Ann Oil Company, to recover upon their individual liability the indebtedness represented by the said judgment. On February 6, 1934, judgment

was rendered in said cause in favor of Lallathin. On appeal, this judgment was affirmed on November 10, 1936, in Keaton v. Lallathin, 178 Okla. 591, 63 P. 2d 107. On June 12, 1935, while said appeal was pending, Lallathin died. On June 9, 1936, letters of administration upon his estate were issued to Iona Lallathin. On July 15, 1936, the court in said cause No. 18392, by order, denied the application of Lallathin for revivor of the judgment in said cause. No appeal was taken from the last mentioned order.

In May and June, 1937, C. D. Gold, J. B. Keaton, and H. E. Keaton were adjudged bankrupt. Iona Lallathin filed with the trustee in bankruptcy in said bankrupt estates her claims based upon the judgment in cause No. 18392, and the same were allowed. H. E. Keaton, who is the wife of J. B. Keaton, was discharged in bankruptcy, but discharges were denied C. D. Gold and J. B. Keaton, and the cases closed.

The present suit was filed on August 12, 1944, by Iona Lallathin, as such administratrix, against J. B. Keaton, H. E. Keaton, C. D. Gold, M. B. Gold, William B. Wiggs, and Bruin Oil Corporation, to recover damages resulting from many overt acts pursuant to an alleged conspiracy between said defendants to defraud plaintiff and her deceased husband by preventing them from collecting the judgment in said cause No. 18392. The acts said to show a conspiracy were committed over several years, some before and some since the death of Lallathin. Some have reference to transfers and some to prosecution of legal proceedings and appeals. All are alleged to have had as their purpose and effect the concealment of the assets of the judgment debtors in cause No. 18392 and the avoidance of said judgment so that they could not be reached on execution or by any other process. We need not set out in further detail the allegations.

It is clear that said judgment became dormant on June 12, 1935, the date of the death of Lallathin, and the plaintiff herein had one year thereafter within which to revive the judgment. 12 O.S. 1941 §1072; 31 Am. Jur. 57. A dormant judgment not revived within the year in accordance with the statutory provisions of 12 O.S. 1941 §1071 or by an independent action timely filed becomes legally dead so that no action can be predicated upon it and revivor cannot be had without the consent of the judgment debtor, except under the proviso contained in section 1072. Jones v. Nye, 56 Okla. 578, 156 P. 332, L.R.A. 1916E, 735; Sanditen v. Linn, 81 Okla. 42, 196 P. 136. Plaintiff does not contend that she was without knowledge of the death of her husband or that she was prevented from reviving the judgment by unavoidable reasons, so as to make the proviso to section 1072 applicable.

The pendency of the appeal in cause No. 18392, without supersedeas, did not stay the enforcement of the judgment (Dusbabek v. Bowers, 178 Okla. 19, 62 P. 2d 494), nor did it prevent the revival of the judgment either by motion in the cause or by an independent suit, nor did it toll the one-year statute allowed for revivor. Jones v. Nye, supra. The judgment not having been revived within the year, the district court properly entered the order denying the application for revivor for the reason that the judgment was then legally dead.

The plaintiff does not contend that the allowance of the claim in the bankruptcy court had the effect of reviving the judgment. Her contention is that in 1937, when her claim in bankruptcy was first allowed, the judgment was not legally dead, but that she had five years from the date of the affirmance of the judgment by this court (November 10, 1936) within which to file suit on the judgment. Vaughn v. Osborne, 103 Okla. 59, 229 P. 467, is cited in support of this contention. In that case a payment was made upon the judgment, after it became extinguished under the dormancy statutes, which seems to have caused the court to reach a different result from that reached in Jones v.

Nye, above. In this respect the present case is like Jones v. Nye. We need not, therefore, determine whether Vaughn v. Osborne states a correct rule of law.

We think our decision is governed by the principles stated in Thomas v. Murray, 174 Okla. 36, 49 P. 2d 1080, 104 A.L.R. 209. That was an action in fraud and deceit for recovery of damages for loss of a judgment, which had been extinguished by failure of the judgment creditor to revive it, which the plaintiff alleged was caused by false representations made by the judgment debtor as to his assets while the judgment was in force. This court in that case recognized the rule in this state to the effect that where one is misled by the fraud of another such guilty person cannot escape the legal consequences of his acts by saying the fraud might have been discovered with ordinary care, but held that this rule was not applicable for the reason that, under our statutes in aid of execution and for dormancy and revivor of judgments, the standard of care and the measures which a judgment creditor must take to keep his judgment in force are fully provided for, and since they contain no exception, none will be made. We accordingly held that no cause of action for damages existed.

In Security State Bank v. Roger, 51 Okla. 397, 151 P. 1170, we held in a similar case that "the right to compensation in this class of cases must grow out of an injury to property rights, and, so long as plaintiff has not suffered any damage to his property rights, he has no cause of action."

The gist of this action is not the conspiracy, but the damage suffered by the plaintiff as a result of the conspiracy. See Allen v. Ramsey, 170 Okla. 430, 41 P. 2d 658, 97 A.L.R. 1259, and authorities there cited; 11 Am. Jur. 577; 15 C.J.S. 1000. Since the judgment had become legally dead prior to the time the present action was commenced, there was no recoverable damage suffered as a result of the alleged conspiracy.

There is no distinction, in legal effect, between a tort action in fraud and deceit as in Thomas v. Murray, above, to prevent the collection of a judgment legally dead and a tort action in conspiracy, as here, to prevent the collection of such a judgment.

Affirmed

RILEY, OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.