PRUSA et al. v. HEJDUK et al.

No. 34677.   Nov. 27, 1951.

*238 P. 2d 304.*

Cox & Buhrman, Blackwell, for plaintiffs in error.

Cress & Rosser, Perry, for defendants in error.

O'NEAL, J. This is an action wherein plaintiffs seek to revive a judgment rendered in the district court of Noble county, Oklahoma, on December 23, 1936, in case No. 5254. The plaintiff in that case was Anton Prusa and the defendant was Vaclav Hejduk. Anton Prusa obtained a judgment against Vaclav Hejduk in the sum of $923 based upon a promissory note. After the rendition of the judgment, and on October 19, 1941, Vaclav Hejduk died. On September 10, 1945, Anton Prusa died. No administration proceedings were had on either Vaclav Hejduk's estate or Anton Prusa's estate. The present action was filed by Stella Prusa and Christine Prusa against Karoline Hejduk and eight of her brothers and sisters. It is without dispute that plaintiffs are the sole heirs-at-law of Anton Prusa, deceased, and that defendants are the sole heirs-at-law of Vaclav Hejduk, deceased. For convenience the parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs, in their amended petition, for their first cause of action, substantially allege that the judgment obtained by their ancestor is a valid and subsisting judgment, and that the same remains wholly unsatisfied. Plaintiffs further allege that the said judgment is a judgment lien on 160 acres of land situated in Noble county, Oklahoma, which land Vaclav Hejduk and defendants occupied as a residence, which the plaintiffs say is not their homestead.

In plaintiffs' second cause of action it is alleged that on April 12, 1937, Vaclav Hejduk, the judgment debtor in case No. 5254, joined by his wife, Karolina Hejduk, executed a warranty deed conveying the land described as the northeast quarter of section 16, township 22 north, range 1 west, in Noble county, Oklahoma, to Karolina Hejduk, and that the conveyance was made to escape the judgment lien in case No. 5254. The prayer asks that the plaintiffs be decreed to have a judgment lien against said land, and that it be sold to satisfy the judgment referred to.

On September 6, 1947, Stella and Christine Prusa, as the sole heirs of Anton Prusa, deceased, obtained an order reviving the action in case No. 5254 in their behalf. The application shows that their ancestor, Anton Prusa, had died on September 10, 1945.

Defendants filed a general and special demurrer to plaintiffs' petition. The general demurrer was sustained, and plaintiffs refusing to plead further, the action was dismissed. Plaintiffs raise a single assignment of error as follows:

"That the court erred in sustaining the demurrer of the defendants to the petition of the plaintiffs."

In support of plaintiffs' contention they assert that the present action was commenced within the five years statute of limitations on judgments as provided in 12 O.S.A. §735. That provision of the Code reads:

"If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities."

Plaintiffs, in support of their contention, cite the case of State ex rel. Shull,

Bank Commissioner, v. McLaughlin, 159 Okla. 4, 12 P. 2d 1106. That case holds:

"The failure to revive an action within a year after the death of a party is only a bar to the further prosecution of the particular action, and not an absolute bar to the recovery."

In the second syllabus of that case, it is held:

"The defendant in an action died prior to judgment and the cause was never revived against his estate. Three years thereafter an administrator of his estate was appointed by the county court, and the claim upon which the original action was based was presented to him for payment, and by him denied. An action was then filed on the claim. Held, the mere failure to revive the action did not operate to bar the new action if such new action were not barred by any other statute of limitation."

This court apparently followed the holding in the case of State ex rel. Shull v. McLaughlin, supra, in Griesel v. Fabian, 184 Okla. 42, 84 P. 2d 634, and in Rock Island Improvement Co. v. Davis, 195 Okla. 513, 159 P. 2d 728.

The McLaughlin case, supra, turned upon the point that the action by the state on behalf of its Bank Commissioner was, in effect, an action by and for the benefit of the state, and that, therefore, the ordinary statutes of limitation are not applicable as against the state.

In the case of Griesel v. Fabian, supra, the facts were these: Fabian sued Dr. Youmans for malpractice in a dental operation. Shortly afterwards Dr. Youmans died. Griesel was appointed administrator of Youmans' estate. An unsuccessful attempt was made to revive the action and the case was thereupon dismissed by the court. On appeal the case was remanded for rehearing. A new suit was filed by Fabian against Griesel, the administrator of Youmans' estate. The claim was made that the statute of limitations had run against the cause of action, and that an order of revival, if without defendant's consent, must be had within the year. It is sufficient to observe that the action was filed within a year under the provisions of 12 O.S.A. §100, which provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

The facts in the case of Rock Island Improvement Co. v. Davis, supra, substantially stated, are as follows: In 1932 Bissell brought a suit to accomplish substantially the same results as the relief sought in the present action. The suit was never tried and Bissell died in 1933. That action was not revived but was dismissed in 1935, after which a second suit was filed.

The last two cases illustrate the proposition that the rule there announced is applicable to a state of facts where plaintiff failed other than on the merits of the case, and that under 12 O.S.A. §100 he could institute another action within a year.

Defendants contend that the demurrer was properly sustained as the petition construed in connection with exhibits plead do not state grounds upon which relief can be granted.

It will be noticed that the plaintiffs are heirs-at-law of Anton Prusa, deceased. The judgment obtained by Anton Prusa against Vaclav Hejduk was a money judgment. This judgment in the nature of a chose in action did not upon Anton Prusa's death vest in his heirs-at-law, but the right passed to his personal representatives, and that a revivor could only be granted on the application of his personal representatives. The subject of the action in case No. 5254 was a part of the personal estate of Anton Prusa and subject to the payment of the debts of the deceased, providing the judgment is secured and satisfied. Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872.

Although Anton Prusa died on September 10, 1945, the attempted order of revivor was obtained without the defendants' consent and was entered as of September 6, 1947, approximately two years after the death of plaintiffs' ancestor, and, as stated, was obtained by his heirs-at-law and not by his personal representatives as required by law. In the instant case an execution was issued on the judgment in case No. 5254 on August 26, 1941, and returned on the same date endorsed "unsatisfied." Thereafter the judgment became dormant on August 26, 1946. The present action was filed on August 26, 1947.

The applicable statutes to be considered are:

12 O.S.A. §1077, which provides:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

12 O.S.A. §1078, which provides:

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

12 O.S.A. §1068, which provides:

"Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

12 O.S.A. §1071, which provides:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made, except as otherwise provided by law."

12 O.S.A. §1072, which provides:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

We held in Jones v. Nye, 56 Okla. 578, 156 P. 332, that:

"The personal representatives of the owner of a judgment which has become dormant by reason of the death of the judgment creditor may sue on the dormant judgment and recover another judgment thereon without having first had the judgment sued on revived in the manner prescribed by statute for the revival of judgments, but such a suit must be commenced within the time in which a revivor can be had, because after the time within which a dormant judgment can be revived in this state has expired such a judgment is no longer dormant, but is dead."

In the case of Jones v. Nye, supra, it was contended that sec. 5300, R.L. 1910, which is identical with 12 O.S.A. §1078, which provides:

"If a judgment becomes dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

does not fix the time in which a judgment may be revived, and that consequently the time within which the action could have been commenced was fixed by the general statute of limitations.

Plaintiffs, in the instant case, assume the same position as maintained in the

Jones v. Nye case, supra. Plaintiff's petition, properly construed, is not, strictly speaking, an action to revive the former judgment, but is more in the nature of an action to renew the obligations of a former judgment by recovering another judgment thereon. The judgment under the applicable statutes became dormant upon the death of plaintiffs' ancestor. The judgment could have been revived within "a year from the time the order might have been first made." Not having been renewed, and no independent action commenced within the one year period, the judgment ceased to maintain its status as a dormant judgment, but became absolutely dead.

This court held in State ex rel. Sebring, Bank Commissioner, v. Sterling, 198 Okla. 398, 179 P. 2d 125, that there is a clear distinction between a statute of limitations and a dormancy statute, and that under 12 O.S.A. §735, the judgment becomes dormant if no execution be issued within five years from the rendition of the judgment unless the creditor renewed the judgment within one year. As we construe the court's pronouncement in the cited case, the plaintiffs had a legal right within one year after the judgment became dormant to revive the action. The court said:

"No act by the judgment debtor is necessary to enable the judgment creditor to preserve the lien of his judgment if he revives it within one year."

This, as we have shown, the plaintiffs failed to do. We are of the opinion, and so hold, that under the case of Glazier v. Heneybuss, supra; Jones v. Nye, supra; Jersak v. Risen, 194 Okla. 423, 152 P. 2d 374; Lallathin v. Keaton, 198 Okla. 312, 178 P. 2d 101; Drew v. Thurlwell, 173 Okla. 405, 48 P. 2d 1066, and Texas Title Guaranty Co. v. Goodwin, 198 Okla. 599, 180 P. 2d 835, the allegations contained in the petition failed to state a cause of action upon which plaintiffs were entitled to affirmative relief and that the judgment of the lower court sustaining a demurrer to

said petition should be and the same is hereby affirmed.

CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.