## SMITH Ex'x, v. FUNK.

No. 18891.    Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 1.

Madden & Bland, for plaintiff in error.

A. J. Biddison, Harry Campbell, Valjean Biddison, and John H. Cantrell, for defendant in error.

LEACH, C. The essential facts necessary to a proper understanding of this case appear to be that, on August 30, 1918, the district court of Tulsa county granted a divorce to Lottie E. Smith, now Lottie E. Funk, from her then husband, William M. Smith, in which action the court adjudged and decreed in part that the plaintiff have the care, custody and control of the three minor children of the parties; that defendant pay to the plaintiff the sum of $50 per month for the support and maintenance of each of the children during their minority, and further ordered and adjudged that the separation agreement and property settlement entered into between the parties be in all matters and things fully ratified and confirmed, and the provisions thereof made a part of the decree as though fully set out therein. The defendant, William M. Smith, complied with the judgment and decree of divorce and made the monthly payments, as ordered in the decree, up to the time of his death, which occurred on October 7, 1925. His will was admitted to probate in the county court of Tulsa county, and the plaintiff in error herein, the wife of the deceased, was appointed executrix of his estate.

Under the terms of the will, the property and estate of deceased, the appraised value of which was in excess of $500,000, was bequeathed by the testator to his wife, father, brother, sister, and his three minor children by his first wife. To his children he bequeathed 49 per cent. of the ownership and title to a certain lot, and improvements thereon, in the city of Tulsa, used and operated as a theater, the appraised value of which was fixed in the probate proceedings at $125,000, against which there was a mortgage for the original sum of $35,000, it being directed in the will that such mortgage be paid out of the income from the property.

Lottie E. Funk filed a claim with the executrix against the estate of the testator for the sum of $16,864.75, which amount was claimed as the balance payable under the award in the divorce action for the support of the minor children. The claim was disallowed, whereupon this action was commenced to recover on the claim, and upon trial of the issues arising, the court found in part that the plaintiff, Lottie E. Smith, now Funk, and William M. Smith, on or

about the 30th day of August, 1918, they being then husband and wife, in consideration of their living separate and apart from each other, entered into a written contract or separation agreement and property settlement, whereby it was agreed that the plaintiff should have the care and custody of the three minor children of the parties, and that the said William M. Smith should pay to the plaintiff the sum of $50 per month for the support and maintenance of each of the children during their minority; that said property settlement and separation agreement was duly ratified and confirmed by the court in its final judgment and decree, and that said judgment and decree and contract are binding and valid against the estate of the said William M. Smith, deceased, and entered judgment in favor of the plaintiff and against the defendant for the sum which the court found to be due and payable under the claim up to and including March 1, 1927; further adjudged and decreed that the further sum of $14,314.75 was a valid and continuing claim against the estate of the deceased, contingent upon the minors reaching their majority, and payable in the course of administration in monthly installments of $150 per month, according to the contract and judgment in the divorce proceedings, until the said minors reach their majority or until their death.

After denial of motion for a new trial, the defendant, Margaret L. Smith, executrix, brought this appeal and sets up in her petition in error several alleged errors which are presented in her brief under different propositions. The first three propositions presented and argued in the brief of plaintiff in error are:

"(1) Error of court in treating order for maintenance and support of minor children a judgment.

"(2) Error of court in reviving proceedings in original divorce case, after death of defendant against whom order was made.

"(3) Error of court in holding that order in original divorce proceedings was not subject to change or modification."

These propositions chiefly relate to the ruling and action of the trial court in reviving in the name of the executrix and sustaining that part of the decree of divorce entered in the original divorce action of Lottie M. Smith against William M. Smith, wherein the defendant was ordered to pay to the plaintiff the sum of $150 per month for the support of their minor children during minority.

The plaintiff in error, in support of her first proposition, calls attention to the fol-

lowing provisions of section 507, C. O. S. 1921:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action"

—and cites certain authorites and decisions which announce the rule that the court has continuing jurisdiction of such matters under the statute, and may modify or change its order relating thereto. It is clear from the language of the quoted statute and decisions relating thereto (Sango v. Sango, 121 Okla. 283, 249 Pac. 925), that a court, when acting under the provisions of the statute, may, upon proper showing, change or modify such order, and we do not understand the trial court in the instant case to have held otherwise, or its judgment to be in conflict with the established rule.

The plaintiff in error further contends that that part of the divorce decree confirming the separation agreement and property settlement had reference only to a division of the property, and not to any binding agreement or contract between the parties relative to payment of a specified sum for the support and maintenance of the minor children. We think the following language in the divorce decree:

"* * * and it is further considered, ordered and adjudged that the separation agreement and property settlement heretofore entered into between the plaintiff and defendant, on the 29th day of August, 1918, be and the same is in all matters and things fully ratified and confirmed, and the provisions thereof are made part of this decree as though herein fully set out * * *"

—sufficient to justify the conclusion reached by the trial court in the instant case to the effect that the court in the divorce action ratified and confirmed that part of the agreement relating to the payment of a specified sum to the wife for the support of their minor children. At any rate, the court, in the divorce action, ordered payment of a sum the same as that mentioned in the contract for support of the children.

The plaintiff below in the instant case alleged in her petition that prior to the rendition of judgment in the divorce action, she and the said William M. Smith had entered into a written contract or separation agreement and property settlement respecting the custody of their minor children and the payment of a certain monthly sum by the father for their support during minority, and attached to her petition a copy of the decree of divorce.

The agreement or contract of separation between the parties, or a copy thereof, was not introduced in evidence in the instant case, it being alleged by the plaintiff that she did not have the same. There is some indication in the record that such agreement was or had been in the possession of the counsel for defendant during the pendency of the present action, and had been lost or misplaced. The defendant in her answer admitted the allegations of plaintiff's petition relating to the agreement to pay the sums named for the support of the minor children and the execution of such contract does not appear to have been denied in the trial court.

The trial court did, upon motion of the plaintiff and over the objection of the executrix, make an order in the original divorce action reviving the decree therein in the name of the executrix, and later denied the motion of the executrix to vacate the order respecting the support of the minor children, such action and ruling being apparently made upon the theory that that part of the divorce decree respecting monthly payments for support of the minor children was a continuing obligation against the estate of the deceased during the minority of the children, and that no sufficient grounds were shown waranting its vacation or change as contradistinguished from the theory of the executrix that the decree or order abated on the death of William M. Smith.

No authorities are cited by plaintiff in error in support of the second proposition advanced, wherein it is contended that the court erred in reviving the original divorce proceedings after the death of the defendant therein, and we do not find the argument in support of such proposition convincing. The argument is based on the contention that the order to pay a monthly sum for support of the minor children was not a judgment, but only an order, and therefore did not come within the statutory provision for reviving judgments, and that the order abated on the death of the defendant. We think it immaterial whether that part of the decree respecting support of the minor children be denominated a judgment or on order; although such an order is referred to as a judgment in the case of Sango v. Sango, supra, the effect of the order of revival was to continue the decree or order in force against the estate of the deceased, and this we think the court had the power to do even under the provisions of section 507, supra. Furthermore we are of the opinion that the

plaintiff therein, by virtue of the written agreement with her husband, where the husband contracted and stipulated to pay to the wife a monthly sum for the support of their minor children, which agreement was confirmed and incorporated in the divorce decree, acquired a personal right or interest thereunder, which, in the absence of a change of conditions warranting its modification or cancellation, entitled the plaintiff to its enforcement, and was such a right and interest as survived the death of the husband. It does not appear that the identical question has heretofore been considered in this jurisdiction, but we find support in our view under the following authorities and decisions.

By section 6610, C. O. S. 1921, the right of a husband and wife to enter into a contract with each other for an immediate separation and for the support of either of them and of their children is recognized and established. Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207.

"Where a final judgment affecting support and maintenance of a minor child is sought to be modified, there must be shown a change of condition of the parties, such as to render such modification proper, and where no such change of condition is shown, an order refusing to modify will not be reversed on appeal." Boulanger v. Boulanger, 127 Okla. 103, 260 Pac. 49.

"Where a contract between a husband and wife pending divorce proceedings provided that the husband was to pay $25 monthly for the maintenance of a minor daughter, the payments 'to continue during the minority of the child, but to cease upon her earlier death,' and that the agreement was to be as binding as though incorporated in the divorce decree, the obligation survived the death of the husband, and constituted a continuing claim against his estate." Stone v. Bayley (Wash.) 134 Pac. 820.

"A decree made in a divorce suit, under section 2606, Comp. Laws 1888, that the mother shall have the care and custody of the minor children, and that the father shall pay a certain sum monthly towards their support during their minority, is not discharged by his death, but its performance may be enforced out of his estate, for the time of minority." Murphy v. Moyle (Utah) 53 Pac. 1010.

"A provision in a decree of divorce against a husband for the payment of a certain sum monthly until further order of the court for the support of his infant child, is not discharged by the death of the husband." Creyts v. Creyts (Mich.) 106 N. W. 1111, 114 A. S. R. 656.

"The provision in a decree of divorce for future monthly payments for support and education of children, as authorized by B. & C. Comp. §513, creates a personal liability of defendant, which does not terminate at his death, but may be enforced against his estate." Mansfield v. Hill (Ore.) 107 Pac. 471.

See, also, Myers v. Harrington (Cal.) 231 Pac. 412.

Plaintiff in error, in support of her first proposition, cites and relies on the case of Schultze v. Schultze (Tex.) 66 S. W. 56, wherein the court held, in effect, that a previous order respecting the payment of a monthly allowance for the support of a minor child ceased on the death of the father, but the facts in that case are different from those in the instant one, as will be observed from the following language found in the opinion in the Schultze Case:

"The question is relieved from some of its difficulties by the fact that Schultze left his entire estate to the child. It may be that had Schultze provided otherwise, or left no will, Mrs. Schultze's right to this monthly allowance would have continued after his death. This we do not consider."

The fourth proposition advanced and argued in the brief of the plaintiff in error is:

"Error of court in refusing the equitable right of defendant to vacate or set aside order and substitute provision of will for maintenance and support of minor children."

The following language relating thereto is quoted from the reply brief of plaintiff in error:

"There is no contention on our part that a testator can arbitrarily substitute the terms of a will for the solemn judgment of a court. But we do contend that he can offer to substitute the terms of will for an order of court. Then it becomes the duty of the court to consider the equities, and substitute the will for the order."

Defendant below, the executrix, after a revival of the divorce decree in her name, filed motion to vacate the order therein respecting the payment of monthly sums for the support of the minor children and introduced evidence thereon tending to show that the income from the property bequeathed to the children would be greater than the amount provided for under the order of the court, and argues that it is clear from the will of the deceased that he intended thereby to satisfy the obligation arising under the decree in the divorce action.

We are unable to say from the language of the will that the testator intended thereby to satisfy the decree of the court respecting the payment of a fixed monthly sum for the support of the children. No reference, unless it should be that part wherein the

testator directed payment of his debts, was made in the will to the decree rendered in the divorce action or the obligation arising therefrom. Any payments for the support and education of the minor children under the terms of the will would have to be made through the testamentary guardian, a trust company, under the order or approval of the county court of Tulsa county.

The testator expressed the wish that his three children be educated and maintained by the income from the property bequeathed them, and directed that when they reached their majority they should each be paid the sum of $100 per month for a period of four years, at the expiration of which time they should receive the balance in the hands of the guardian.

The record discloses that shortly prior to the death of the testator, he paid $475 on tuition for one of the children, and we think it a reasonable deduction, in view of the value of the estate of the deceased, to say that the testator realized that the sum of $150 per month was not sufficient to maintain and educate the children in the manner and station to which they were entitled, and may have intended by the provisions of his will to provide funds for such purpose in addition to the amount ordered paid in the divorce action.

While the property bequeathed to the children may produce during their minority an income equal to, or in excess of the sum directed to be paid in the divorce action, yet it is not beyond reason to say that it may fail to do so, since it appears such income is largely dependent upon continued patronage of the property as a theater and its successful operation.

At any rate we are of the opinion the trial court was justified in refusing to vacate the order providing for a monthly payment to the plaintiff for the benefit of the minors, and that the estate as a whole, it being entirely solvent, should satisfy such obligation before being distributed to the beneficiaries under the will.

It is next urged that the court committed error in refusing to consider payments made by the testamentary guardian for the support of the children a substantial compliance with the order in the divorce proceedings. The trust company paid to the plaintiff below $50 per month for each of the minor children, or an amount equal thereto, from the date of the death of the testator to trial of the action; it also paid certain sums for tuition of one or more of the children, and it is contended that such payments should be held to satisfy the monthly pay-

ments ordered in the divorce action. It will be observed that such payments were not made by the testatrix, nor was the plaintiff advised that the payments to her were to be applied upon or made in satisfaction of the sums ordered paid in the divorce action.

No authorities are cited showing the plaintiff to have waived her right to payment from the estate or estopped by reason of the payments made by the testamentary guardian, and, under the facts shown, we fail to see an abuse of discretion or error in the ruling and action of the trial court thereon.

In the sixth assignment of error, or proposition presented in the brief of plaintiff in error, it is contended that the trial court erred in permitting the plaintiff to amend the claim sued on. The claim as presented to the executrix referred specifically to the original divorce action and set forth a copy of the journal entry of judgment in that case and made claim for a certain amount under such judgment for the use and benefit of each named child. The trial court permitted the claimant to amend or supplement the claim by adding thereto in part as follows:

"* * * and which certain amount is also owing to the said Lottie E. Funk by virtue of the terms of a written contract entered into between Lottie E. Smith, now Lottie E. Funk, and William M. Smith, prior to the decree and judgment above mentioned. * * *"

It is contended by plaintiff in error that the claim as amended was not verified or presented, and that the amendment changed the cause of action by changing the claim upon which it was based. In our view of the matter, the amendment did not change the claim or cause of action. The claim as originally presented was based on the decree or order in the divorce action, which decree confirmed and embodied within it the contract referred to in the so-called amendment. The claim as originally presented was sufficient and the amendment did not materially add anything thereto.

"The claim required to be presented to the administrator or executor of the estate of a decedent under Rev. Laws 1910, secs. 6338, 6339, need not be in any particular form. If it advises the administrator or executor of the nature of the claim, the amount demanded, and shows enough to bar another action for the same demand, it is sufficient." Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141.

We find no reversible error in the judgment of the trial court, and the same is affirmed.

A copy of the supersedeas bond given and approved in this cause on appeal is included in the case-made and defendant in error has moved for judgment thereon as provided by rule 11, and it appears defendant in error is entitled thereto. It is therefore the judgment and decree of this court that the defendant in error, Lottie E. Funk, have and recover judgment against Margaret L. Smith, executrix of the estate of William M. Smith, deceased, as principal, and Margaret L. Smith, Ella Schaber, F. C. Smith, and W. P. Smith, as sureties on the supersedeas bond filed herein, for the sum of $2,664.75, with interest thereon from March 1, 1927, as adjudged and decreed by the trial court in this cause, and that defendant in error have and recover of and from the principal and sureties as herein named the further sum of $4,950, such sum being the total amount of monthly installments from April, 1927, to December, 1929, inclusive, due under the judgment appealed from, with six per cent. interest on said sum of $4,950, such interest to be computed only on the monthly installments of $150 as they became due, beginning April 1, 1927, as decreed in the trial court.

TEEHEE and FOSTER, Commissioners, concur.

BENNETT and REID, Commissioners, concur in result only.

By the Court: It is so ordered.

Note.—See under (1) anno. 48 L. R. A. (N. S.) 429; 9 R. C. L. p. 485; R. C. L. Perm. Supp. p. 2484. See "Divorce," 19 C. J. §822, p. 360, n. 9. "Executors and Administrators." 24 C. J. §986, p. 350, n. 83; § 991, p. 354, n. 21.