In re SMITH'S ESTATE.
BAKER v. CAREY.

No. 33488. Dec. 27, 1949.

*213 P. 2d 284.*

Oris L. Banney, of Anadarko, for plaintiff in error.

James F. Hanger, of Anadarko, for defendant in error.

HALLEY, J. This is an action by Alvin E. Carey, as administrator of the estate of Linnie Maxson, deceased, to establish a claim for services against the estate of W. W. (Bud) Smith, deceased, whose representative is Neal J. Dikeman, administrator with the will annexed of the estate of W. W. Smith, deceased. Josephine Baker, the plaintiff in error herein, is an heir and legatee of W. W. Smith, deceased.

Terrence Maxson, the deceased husband of Linnie Maxson, was a nephew of W. W. Smith, and for many years was associated with him in the operation of a blacksmith shop in Anadarko. Terrence Maxson died December 17, 1945. Linnie Maxson died September 16, 1946, and W. W. Smith died testate October 31, 1946. We shall refer to the defendant in error as the claimant, and to Josephine Baker as plaintiff in error. The estates of W. W. Smith, deceased, and Linnie Maxson, deceased, are pending in probate.

W. W. Smith was an elderly single man who died at the age of 76. For many years he had lived alone in a house next door to his nephew, Terrence Maxson, and wife Linnie Maxson. Mr. Smith took his meals with them, but lived and slept in his own home. He owned the house occupied by Terrence and Linnie Maxson (later deeded to them), and also owned the building where he and Terrence Maxson operated their blacksmith shop, and also a store building which he rented to a grocer.

For more than twenty years prior to the death of Linnie Maxson, she did the laundry each week for Mr. Smith, cleaned his house, and prepared his meals at her own table. Just before Linnie Maxson's death, Mr. Smith was sick for some thirty days, and she cared for him during this period.

The administrator of the estate of Linnie Maxson, deceased, presented to the administrator of the estate of W. W. Smith, deceased, a claim for $1,467, itemized as being for three years' board at $1 per day, three years' housekeeping at $1 per week, three years' laundry at $1 per week, and 30 days' nursing at $2 per day. It was admitted that these services were rendered, and that the charges therefor were reasonable. The administrator of the W. W. Smith estate approved this claim for $1,247, or $220 less than the amount claimed, upon the ground that the amount of the claim accruing for five months and 21 days was barred by the three-year statute of limitations. The county judge approved the claim in the amount of $1,247 and rejected it in the amount of $220.

Josephine Baker, an heir and legatee of W. W. Smith, objected to the approval of this claim in any sum, and appealed to the district court, where upon trial de novo, the district court made findings of fact and conclusions of law in favor of claimant, and entered an order approving the order of the county court and establishing the claim in the sum of $1,247. From this order of the district court, Josephine

Baker has appealed to this court, and Alvin E. Carey, administrator of the estate of Linnie Maxson, deceased, perfected a cross-appeal.

The plaintiff in error, Josephine Baker, bases her ground for reversal upon a single proposition, which is that "the evidence is wholly insufficient to sustain the claim of services rendered."

The defendant in error submits two propositions in his cross-petition in error, which are in substance as follows:

First: The district court erred on appeal from the order of the county court in ruling that the burden of proving the claim in the district court trial rested upon the claimant, after the claim had been approved by the administrator and by the county judge.

Second: The trial court erred as a matter of law in concluding that the three-year statute of limitations was applicable and barred recovery for services rendered during five months and 21 days of the period claimed, being the period from the date when the services ended to the *date* the claim was first presented to the administrator.

We do not consider it necessary to pass upon the questions raised by the defendant in error, because the district court affirmed the action of the county court as to the amount allowed the estate of Linnie Maxson, and the defendant in error could not recover the amount disallowed in the sum of $220, because he failed to bring suit in the time provided by section 339, Title 58, O.S. 1941, which is as follows:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

We have previously held, in Hamilton et al. v. Browder, 176 Okla. 229, 54 P.

2d 1025, and In re Travis' Estate, 186 Okla. 223, 97 P. 2d 50, that when a claim is rejected by the executor, administrator, or county judge "in the first instance"—that is, when first presented—the claimant must seek to establish his claim by separate suit in a proper court of appropriate jurisdiction, and that the claimant is limited in his relief to the foregoing section, and that he could not appeal to the district court, as provided in section 721, Title 58, and in section 275, Title 20, O. S. 1941.

Our attention has not been called to any Oklahoma case, nor do we know of any, where a claim has been partially disallowed, but we believe that the same rule would prevail as to a partially-disallowed claim as where the claim is wholly disallowed. We think that the California construction on this question is correct, as found in Jones v. Walden, 145 Cal. 523, 78 P. 1046, and in Cons. Nat. Bank of San Diego v. Hayes, 112 Cal. 75, 44 P. 469. See, also, 34 C.J.S., Executors and Administrators, sec. 431, subpar. (d). It is immaterial on what ground the claim is originally rejected in part, since the claimant did not appeal, and any claim that he might have to the rejected amount of $220 is barred.

The sole question here, then, is whether or not there was sufficient evidence to sustain the judgment of the trial court. The evidence shows that W. W. Smith and Linnie Maxson lived next door to each other for more than twenty years, and it was agreed that the services for which compensation is claimed were, in fact, rendered; and there is no controversy over the reasonableness of the charges made. $220 of the claim was rejected on the ground that limitations barred recovery of that amount. The evidence clearly shows that while W. W. Smith lived and slept in his own home, he took his meals regularly at the table of Linnie Maxson next door, and that she did his housework and laundry and took care of him during a 30-day illness. Orville Norman, the grocer who rented the

store building from W. W. Smith, testified that Mrs. Maxson bought groceries from him and paid all of her own bills, and that W. W. Smith bought nothing other than some fruit and candy. Mrs. Helen Arispi testified as to the services rendered for a period of ten years. Lily Kirk, a sister of Terrence Maxson, testified that W. W. Smith and Linnie Maxson both told her that he did not pay her anything for her services. She stated that she had often talked with W. W. Smith at his home, and that he told her both before and after the death of Linnie Maxson that he had never paid Mrs. Maxson anything for her services, and that at one time he stated that Linnie Maxson was the only friend he had; that she had taken care of him and been good to him for years, and that he wanted her to have what he had when he was gone. She further testified that Linnie Maxson told her that the house in which she and her husband lived, and which had been conveyed to them by W. W. Smith, was not a gift, but that she and her husband had bought it from Mr. Smith.

The plaintiff in error urges that the evidence did not show any agreement on the part of the deceased, W. W. Smith, to pay Linnie Maxson for her services to him; but it has been held that the performance of beneficial work and labor, at the recipient's request or with his consent, raises a presumption that payment was to be made therefor. Ingram v. Basye, 67 Ore. 257, 135 P. 883; Owings v. Dayhoff, 159 Md. 403, 151 Atl. 240. We believe that, under the facts in this case, the burden was upon the estate of W. W. Smith to show that the services were to be gratuitous, before the claim of Linnie Maxson's estate could be defeated. In re Mason's Will, 236 N.Y. Supp. 720, 725.

The plaintiff in error did not question the fact that the services were furnished to W. W. Smith by Linnie Maxson. She did urge, however, that there was a family relationship existing between W. W. Smith and Linnie Maxson, inasmuch as Linnie Maxson was the wife of W. W. Smith's nephew. Linnie Maxson was not kin to W. W. Smith by blood. Her husband and Mr. Smith were partners in a blacksmith shop. W. W. Smith was fully capable of paying his own expenses, and had accumulated some property, and there was nothing to show that he intended that Linnie Maxson should work for him for nothing. We believe that there is an implied obligation on the part of one who has received board, nursing and care from another to pay therefor, when such other is in no wise related to him. As has been pointed out, W. W. Smith did not live in the same house with Linnie Maxson, and there was nothing to indicate that Mr. Smith and the Maxsons lived in one household so as to constitute a family. The term "family", within the rules governing the right of recovery in cases where recovery is denied because of implied gratuitous services, has been defined as "a collective body of persons who form one household, under one head and one domestic government, and who have reciprocal natural or moral duties to support and care for each other." Jones v. Jones, 146 Md. 19, 125 A. 722, 36 A.L.R. 672; Hartley v. Bohrer, 52 Idaho, 72, 11 P. 2d 616. See, also, 71 C.J., Work and Labor, sec. 22; 34 C.J.S. Executors and Administrators, sec. 370.

When we consider all the testimony in this record, we are of the opinion that there was sufficient evidence to sustain the decision of the trial court. We have held many times, on an appeal under section 721, Title 58, O.S. 1941, that it is the duty of this court to weigh all the evidence and, if the judgment of the trial court is not against the weight thereof, to sustain such judgment. In re Bruner's Guardianship, 111 Okla. 93, 238 P. 448; Lawson et al. v. Benson, 200 Okla. 234, 192 P. 2d 662; Uhrina v. Mastako, 100 Okla. 294, 229 P. 196.

Judgment affirmed.

WELCH, CORN, GIBSON, LUTTRELL, and O'NEAL, JJ., concur. DA-

306

VISON, C.J., and JOHNSON, J., dissent.