[Civ. No. 6257.   Fourth Dist.   Jan. 19, 1960.]

ALMA L. PELSER, Respondent, v. LOU REIDA PELSER, as Administratrix, etc., Appellant.

Lester Van Tatenhove for Appellant.

Stephen F. Gallagher for Respondent.

MONROE, J. pro tem.*—In 1950 the plaintiff and respondent obtained an interlocutory divorce from Charles Pelser. The decree, pursuant to a property settlement agreement, provided for payments of $35 per month to apply on payments upon the residence and for $200 per month commencing April 10, 1950, which latter payments were apportioned $65 for the support of plaintiff and $135 for the support of the two minor children. It was provided that the payments to plaintiff should be made "until her death or remarriage," and the payments for the support of the children "until said children shall become of age, marry or become self-supporting." A final decree of divorce was entered on June 8, 1951.

On November 8, 1957, Charles Pelser died. At the time of his death he was in arrears in the payments provided by the decree for child support and alimony. In February 1958 one of the sons became of age. The plaintiff did not remarry.

On July 25, 1958, Lou Pelser was appointed administratrix with the will annexed of the estate of Charles Pelser. It appears from the stipulation of facts that no creditor's claim for accrued installments or for future payments of

---

*Assigned by Chairman of Judicial Council.

alimony or child support was filed in the estate matter within the time allowed by law.

On March 4, 1959, the court granted the motion of the plaintiff to substitute the administratrix of decedent in the divorce action in place of decedent. This motion was granted over the opposition of the administratrix and this appeal is taken from the court's order.

It is conceded by the parties that the order of substitution constitutes a special order made after the final judgment and is therefore an appealable order pursuant to section 963, subdivision 2 of the Code of Civil Procedure.

The appellant contends that the death of a party to a divorce action terminates the liability and the jurisdiction of the court to proceed in that action; that the liability for support does not survive; and that the order for substitution was improper for the reason that no creditor's claim was filed against the estate of the deceased.

It is the general rule that liability for support of a wife or children terminates upon the death of the husband or father. It is held, however, that the parties may, by an agreement, provide that the liability for support may continue during the lifetime of the wife and, by a proper agreement, may extend beyond the death of the husband. In such case, the provisions of the agreement may be incorporated in an interlocutory decree of divorce and liability for such support, either upon the judgment or upon the agreement or upon both, is a proper basis for a claim against the estate of the decedent. (*Estate of Mesmer,* 94 Cal.App. 97 [270 P. 732]; *Saunders* v. *Simms,* 183 Cal. 167 [190 P. 806]; *Anderson* v. *Mart,* 47 Cal.2d 274 [303 P.2d 539]; *Hilton* v. *McNitt,* 49 Cal.2d 79 [315 P.2d 1].)

The difficulty with the proceedings involved in this action however lies in the fact that no claim was filed against the estate of the decedent as provided by the Probate Code. Section 709 of the Probate Code provides that in an action pending against the decedent at the time of his death the plaintiff must file his claim. It is held that in the absence of such claim action cannot be maintained. (*Neel* v. *Barnard,* 24 Cal.2d 406 [150 P.2d 177].) The fact is, however, that the divorce action was not pending. Both interlocutory and final decrees had been entered and had become final judgments long prior to the death of deceased. By section 732 of the Probate Code, it is expressly provided that a judg-

ment against the decedent for the recovery of money must be filed or presented in the same manner as other claims.

It is true that the statutory rule has been somewhat relaxed where an action has not proceeded to final judgment and where, within the time allowed for the filing of claims, the personal representative is substituted as a party. The purposes of the statute are fulfilled, for the reason that in such situation the personal representative has actual knowledge of the claim made. (See *United States Gypsum Co.* v. *Shaffer,* 7 Cal.2d 454 [60 P.2d 998]; *Millar* v. *Millar,* 51 Cal.App. 718 [197 P. 811]; *Estate of Brennan,* 65 Cal. 517 [4 P. 561].) Where final judgment has been rendered in the case, however, claim must be filed and presented as provided by the Probate Code. (*South* v. *Wishard,* 165 Cal. App.2d 8, 17 [331 P.2d 227].)

█ It has long been the accepted practice in this state, as evidenced by the cases heretofore cited, to regard a judgment in a divorce action the same as any other judgment, requiring the presentation and filing of claim in the estate matter as a prerequisite to enforcing the judgment. (See *Georgison* v. *Georgison,* 43 Cal.2d 550 [275 P.2d 3].)

In *Taylor* v. *George,* 34 Cal.2d 552, 557 [212 P.2d 505], the court said:

"The final decree of divorce was the judgment of a court in equity. . . . Section 732 of the Probate Code provides that a money judgment recovered against the decedent during his lifetime must be filed or presented to the executor or administrator in the same manner as other claims. It is apparent that in enacting section 732 the Legislature contemplated that if the executor rejects a creditor's claim based upon a judgment rendered against the decedent in his lifetime, an action may be brought to establish the validity of the claim, and such has been assumed to be the rule in numerous cases."

█ Although the exact situation involved in the instant case does not appear to have been passed on in this state, it is clear from the expressions of the courts that the position of plaintiff and respondent is untenable. A final judgment in a divorce action is as much a judgment as in any other case. It is true that the court retains jurisdiction, where provision is made for continuing payments of support, to modify those payments and to enforce liability under the judgment by contempt proceedings. It is obvious that no

contempt proceeding would be available against the administratrix. The requirement for the presentation and filing of claims is a necessity in order that estates of decedents may be handled promptly and properly. There is no sound reason therefore why a divorce judgment should not be treated upon the same basis as any other judgment. It follows that the attempt to carry on and enforce the divorce judgment by substituting the administratrix without complying with the provisions of the Probate Code for the serving and filing of claims was erroneous.

Order reversed.

Griffin, P. J., and Shepard, J., concurred.