Helen Loretta **WHITMAN**, Executrix of the Estate of Paul S. Whitman, Deceased, Plaintiff in Error,

v.

Florence M. **WHITMAN**, Defendant in Error. No. 41237.

Supreme Court of Oklahoma. Dec. 15, 1964.

Kay Wilson, Jr., Muskogee, for plaintiff in error.

Andrew Wilcoxen, Muskogee, for defendant in error.

IRWIN, Justice.

Subsequent to the entry of a divorce decree and death of her former husband, the divorced wife instituted the instant proceeding to revive the divorce action against the executrix of the deceased husband's estate. The manifest object of this proceeding was to maintain the order for child support in continuing force and vitality. The trial

court revived the action, substituted the executrix of the deceased husband's estate as a party defendant therein, and ordered that the wife had "a cause of action as stated in Creditor's Claim for the projected balance of child support to the minor children * * *, under the terms of the Decree in this Cause, which claim has been rejected by the Executrix * * * which survives against the Estate of Paul S. Whitman * * *." The issue formed in the proceedings below was whether the adjudicated obligation for child support terminated at the father's death or constituted a proper charge against his estate. The wife asserted that this obligation survived and relied on Smith v. Funk, 141 Okl. 188, 284 P. 638, 640. The executrix argued, inter alia, that the cited case was distinguishable, because here the obligation for child support was not "bottomed" on a prior contract between the parties embodied in the divorce decree.

This appeal was brought by the executrix who contends that the order of revivor placed her "squarely in the shoes of the decedent against whom there was order enforceable by contempt to pay child support * * *". The executrix states she "hoped" to obtain a review of the revivor order before being held in contempt for not obeying the child support provisions of the decree.

The decisive question before us is whether the estate of the decedent former husband is aggrieved by the order of revivor complained of. In this connection, we are not necessarily concerned with the order of revivor as such, but with the authority the trial court sought to invoke in said order.

■ In a proceeding which is timely brought under the terms of Title 12 O.S. 1961, § 1077, to revive an action on the death of a judgment debtor, the general rule is that the only defenses available to an order of revivor are (1) the nonexistence of the judgment sought to be revived; (2) payment and satisfaction of such judgment; and (3) its invalidity which is apparent on the face of the judgment roll. See Shefts v. Oklahoma Company, 192 Okl. 483, 137 P.2d 589, 591; Baker Steel & Machinery Company v. Ferguson, 137 Neb. 578, 290 N.W. 449, 131 A.L.R. 798. On the death of a judgment debtor, a money judgment creditor is relegated to the procedure provided by Title 58 O.S.1961, §§ 339, 345 and 346, for the establishment and enforcement of such judgment as a claim against the estate of the deceased judgment debtor. State ex rel. Com'rs of Land Office v. Miller, Okl., 380 P.2d 938, 940; In re Smith's Estate, 202 Okl. 302, 213 P.2d 284, 286; Tucker v. Gautier, 196 Okl. 267, 164 P.2d 613; Pelser v. Pelser, 177 Cal.App.2d 228, 2 Cal.Rptr. 259.

■ A revivor proceeding, instituted under the terms of Title 12 O.S.1961, § 1077, is not a statutory substitute for the procedure of the probate code for the establishment and enforcement of a money judgment rendered against a decedent judgment debtor during his lifetime as an obligation of, and claim against, his estate, but such judgment must be presented as a claim against the estate and if rejected, an action thereon must be commenced in compliance with the provisions of Title 58 O.S.1961, §§ 339, and 346. In re Smith's Estate, supra; Pelser v. Pelser, supra. The revivor of a judgment, which became dormant by the death of a judgment debtor, reinvests such judgment with all the effect and conditions which originally attached to it. The order of revivor adds nothing to the original effect of the judgment. 49 C.J.S. Judgments § 549, p. 1020. These general principles of the law apply with equal force and effect to divorce actions. Smith v. Funk, supra; Pelser v. Pelser, supra.

■■ One who is not aggrieved by a lower court's decision, however erroneous, may not appeal therefrom. "A party aggrieved" is one whose pecuniary interest in the subject matter is directly and injuriously affected or whose right of property is either established or divested by the decision complained of. Swan v. Home Savings & State Bank, 148 Okl. 42, 297 P. 250; Tinch v. State ex rel. Shull, 148 Okl. 46, 297 P.

251; Love v. Wilson, 181 Okl. 558, 75 P.2d 876, 878.

■ The order of revivor sought to be reviewed does not and may not, consistent with the cited provisions of the probate code, impose an obligation or burden upon the estate, and deprives it of no property right. Nor would contempt proceedings be available against the executrix for nonpayment of the child support by reason of the judgment under review. The probate code's provisions for enforcement of a judgment against the estate are exclusive. Title 58 O.S.1961, § 345; Pelser v. Pelser, supra. Whether the child support order does constitute a proper charge against the estate did not present a litigable question in the revivor proceeding as such question must be determined in the manner prescribed by the provisions of Title 58 O.S. 1961, §§ 339 and 346 for establishing a claim against the estate of a judgment debtor. Smith v. Funk, supra; 18 A.L.R.2d 1138. The obligation sought to be imposed may not be enforced in the divorce action simply by substituting the executrix as a party for the deceased obligor-father. Pelser v. Pelser, supra.

■ The order of revivor cannot operate to establish the liability of the estate for accrued or continuing child support accruable after the death of the obligor-father and hence grants no relief against the estate.

■ Where the adjudication complained of on review does not operate, by its own force, to impose a burden or obligation and has no binding effect against the rights, person or property of the party seeking to appeal, such party is not aggrieved thereby. Fellheimer v. Townsend, 7th Cir., 117 F.2d 191, 193. To render a party aggrieved by a decision, its adverse effect must be direct, subsisting and immediate rather than contingent on some possible, remote consequence or a mere possibility of an unknown future eventuality. Luckenbach v. Laer, 190 Cal. 395, 212 P. 918; 4 C.J.S. Appeal and Error § 183b(1), p. 561.

■ The district court which rendered the divorce decree had jurisdiction to revive the action, although it lacked the power in that proceeding to determine that the child support order did constitute a proper charge against the estate. Rodgers v. Smith, 144 Kan. 212, 58 P.2d 1092. The estate was not adversely affected by the order of revivor and its obligation, if any, to pay child support remains to be determined in proper proceedings conducted in compliance with the probate code.

The appeal is accordingly dismissed for want of showing that the Executrix is aggrieved by the order complained of.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and BERRY, JJ., concur.