[Civ. No. 42294. Second Dist., Div. Four. May 17, 1974.]

G. A. WOOD, Plaintiff and Appellant, v.
JERE ERLE BROWN, as Executrix, etc., Defendant and Respondent.

## COUNSEL

Philip K. Mautino, Weil & Fritz and Philip L. Eyerman for Plaintiff and Appellant.

Anderson, Adams & Bacon, George H. Zeutzius and Robert L. Bacon for Defendant and Respondent.

## OPINION

**DUNN, J.**—This is an appeal by plaintiff from a summary judgment entered against him and in favor of defendant Jere Erle Brown, as executrix of the will of Bert M. Lewy, deceased.

On April 6, 1971, plaintiff commenced an action to recover sums of money on various theories including common counts, a promissory note, continuing guarantees, fraudulent transfers, and conversion. One of the defendants was Bert Lewy, sued as a copartner of two partnerships which also were named as defendants. Lewy died on April 27, 1971, without having been served with process in the action.

On August 24, 1971, plaintiff filed a verified first amended complaint in 10 counts, seeking damages on the same theories as originally pleaded,[1] although the original complaint was alleged in 11 counts. The caption of

---

[1]The first amended complaint apparently was filed after the trial court sustained, with leave to amend, demurrers of certain defendants to the original complaint.

the first amended complaint named, as additional defendants, "Does XXI through XXV, Administrators or Executors of the Estate of Bert M. Lewy." In the body of the complaint it was alleged on information and belief that Lewy was deceased, and that the fictitiously named defendants added as parties were the administrators or executors of his estate.

On November 15, 1971, the Bank of America, as special administrator of Lewy's estate, filed a verified answer to the first amended complaint. The answer admitted Lewy's death and the bank's appointment as special administrator of his estate, denied the remaining allegations of the first amended complaint and alleged various affirmative defenses as well as a general demurrer.

By order of the trial court dated July 14, 1972, Jere Erle Brown, as executrix of the will of Bert Lewy, was substituted as a defendant in place of the Bank of America.[2]

On August 21, 1972, defendant executrix filed a motion for summary judgment. The motion was supported by a declaration of defendant's attorney, who also represented defendant in her capacity as executrix in the probate proceeding. The declaration requested that the trial court take judicial notice of its file in the matter of Lewy's estate, and such file was incorporated into the declaration by reference.[3] In addition to summarizing the events previously set forth herein, the declarant stated (and the probate record shows): on August 24, 1971, the Bank of America was appointed special administrator of Lewy's estate and served in that capacity until June 30, 1972, when letters testamentary were issued to defendant as executrix of Lewy's will; the bank, as special administrator, caused notice to creditors to be published initially on September 21, 1971, and on the required num-

---

[2]Code of Civil Procedure section 385 provides in part: "(a) . . . In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest."

The record does not indicate that the bank was formally substituted as a defendant in place of decedent Lewy. However the bank, by making a general appearance in its capacity as administrator, waived the lack of formal substitution. (*Raps* v. *Raps* (1942) 20 Cal.2d 382, 386 [125 P.2d 826]; *United States Gypsum Co.* v. *Shaffer* (1936) 7 Cal.2d 454, 459 [60 P.2d 998]; *Mooney* v. *Superior Court* (1920) 183 Cal. 705, 708-709 [192 P.2d 542]; *Tolle* v. *Doak* (1936) 12 Cal.App.2d 195, 199 [55 P.2d 542].)

[3]On a motion for summary judgment, the trial court is authorized to take judicial notice of its records in other proceedings where, as here, such records are adequately referred to in the declaration supporting the motion. (Evid. Code, §§ 452, 453; *Goldstein* v. *Hoffman* (1963) 213 Cal.App.2d 803, 814 [29 Cal.Rptr. 334]; *Thomson* v. *Honer* (1960) 179 Cal.App.2d 197, 203 [3 Cal.Rptr. 791].) Under such circumstances, the declarant's personal knowledge or lack of knowledge of matters set forth in the records is immaterial. (*Rader* v. *Thrasher* (1972) 22 Cal.App.3d 883, 889-890 [99 Cal.Rptr. 670].)

ber of dates thereafter; the four-month period for the filing or presentation of creditors' claims, specified in the notice, expired on January 21, 1972; during such period, plaintiff neither filed a creditor's claim with the clerk of the court in the probate proceeding, nor presented a creditor's claim to the special administrator of the estate.

In his declaration opposing the motion for summary judgment, plaintiff's attorney stated: on September 17, 1971, the attorney for the special administrator agreed to accept service of the summons and the first amended complaint; thereafter, on November 15, 1971, the answer of the special administrator was filed; at no time did the attorney for the special administrator indicate that the manner of presenting plaintiff's claim was improper as to form, or that any additional information regarding the claim was required; therefore, "the claim of Plaintiff was fully presented and regularly rejected by the Estate of Bert M. Lewy." At the same time he filed the opposing declaration, plaintiff moved for leave to file a supplement to the first amended complaint, pleading "presentation of claim which was presented after filing of First Amended Complaint."

Plaintiff's motion for leave to file a supplement to the first amended complaint was denied. The trial court granted defendant's motion for summary judgment on the ground the supporting declaration showed plaintiff's action had no merit, and plaintiff's opposing declaration presented no triable issue of fact. (Code Civ. Proc., § 437c.) Plaintiff appeals.

Probate Code section 709 provides in part: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had against decedent's estate in the action unless proof is made of such filing or presentation; . . ." The word "claim" in this provision refers to a demand for money. (See *Newberger* v. *Rifkind* (1972) 28 Cal.App.3d 1070, 1077 [104 Cal.Rptr. 663]; *Wright* v. *Superior Court* (1948) 85 Cal.App.2d 151, 153-154 [192 P.2d 511]; *Tanner* v. *Best* (1940) 40 Cal.App.2d 442, 445-446 [104 P.2d 1084].) Since plaintiff seeks a money judgment in this action, his right to recover against defendant is contingent upon his having filed in the probate proceeding or having presented to Lewy's personal representative for allowance or rejection, the claim upon which the action is based. The statutory requirement cannot be waived. (*Agnew* v. *Parks* (1958) 164 Cal.App.2d 837, 839 [331 P.2d 184].)

Plaintiff contends that filing or presentation of a formal creditor's

claim, as described in Probate Code section 705,[4] was not necessary because service of the summons and first amended complaint upon the Bank of America, as special administrator, constituted presentation of a claim. The contention is without merit. ■ As noted in *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 641-642 [56 Cal.Rptr. 102, 422 P.2d 990]: "Probate Code section 707 is intended to insure that the executor or administrator of an estate will be notified within a reasonable period of time of all claims so that the estate may be expeditiously settled and distributed to the legatees or heirs. [Citations.] In addition, it provides an opportunity for amicable disposition of a claim prior to the commencement of any action and thus protects the estate from the expenses of needless litigation. [Citations.] ■ The statutory requirement of presentation of a claim is not satisfied by service of summons and complaint in a lawsuit, although the pleadings do in their way provide an announcement of the amount and nature of the claim."

■ Citing *United States Gypsum Co.* v. *Shaffer* (1936) 7 Cal.2d 454 [60 P.2d 998], plaintiff argues that service of the first amended complaint upon the special administrator constituted the presentation of a claim against the estate, because the complaint was served within the four-month period allowed for presentation of creditors' claims.[5] The *United States Gypsum* case does not aid plaintiff. That case determined that if the creditor of a decedent gives notice of his claim to the executor or administrator within the statutory period for filing claims, such notice may be a sufficient basis for allowing the subsequent filing of an amended claim. (7 Cal.2d at pp. 457-458.) If, in the instant case, service of the amended complaint might be said to constitute notice to the administrator of plaintiff's claim against decedent, nevertheless, the record does not indicate that plaintiff

---

[4]Probate Code section 705: "Every claim which is due, when filed or presented, must be supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. If the claim is not due when filed or presented, or is contingent, the particulars of the claim must be stated. . . . The executor or administrator may also require satisfactory vouchers or proof to be produced in support of the claim. . . ."

[5]Probate Code section 700 provides: "The executor or administrator, promptly after letters are issued, must cause to be published in some newspaper published in the county . . . a notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them, with the necessary vouchers, in the office of the clerk of the court from which letters issued, or to present them, with the necessary vouchers, to the executor or administrator, at his residence or place of business, to be specified in the notice, within four months after the first publication of the notice."

Here, the first publication of notice to creditors occurred September 21, 1971. The first amended complaint was served on the special administrator sometime before November 15, 1971.

thereafter filed or attempted to file any amended claim, as permitted in the *United States Gypsum* case.

Plaintiff further contends that substitution of the special administrator as a party defendant in place of the decedent (see fn. 2) obviated the necessity of filing or presenting a formal creditor's claim. There is language in *Lewis* v. *O'Brien* (1967) 248 Cal.App.2d 628, 631 [56 Cal.Rptr. 749] lending support to this contention, as it there was stated: "If the personal representative is substituted as a party to the action, as was done in the instant case, the requirements of section 709 concerning presentation of claims is satisfied." However, the only authority cited in support of this proposition was *Pelser* v. *Pelser* (1960) 177 Cal.App.2d 228 [2 Cal.Rptr. 259], wherein the court stated in dictum (p. 231): "It is true that the statutory rule has been somewhat relaxed where an action has not proceeded to final judgment and where, within the time allowed for the filing of claims, the personal representative is substituted as a party." This statement appears to be dictum for the reason that the claim sued upon in *Pelser* had been prosecuted to a final judgment against the decedent and there was no action pending. As recognized by the *Pelser* court, such a situation is governed by Probate Code section 732, which provides that a judgment against the decedent for the recovery of money must be filed or presented in the same manner as other claims. (177 Cal.App.2d at pp. 230-231.)

It has long been the rule, contrary to *Lewis,* that when an action is pending against a person at the time of his death, and his executor or administrator is substituted as a party defendant, the plaintiff nevertheless cannot recover unless he has presented or filed for allowance the claim upon which the action is based. That this is the rule is shown by California Supreme Court decisions, not cited in *Lewis,* wherein the following language appears *(Frazier* v. *Murphy* (1901) 133 Cal. 91, 95-96 [65 P. 326]: ". . . it was error to proceed with the trial after the executors were substituted for the only answering defendant, and it was error to enter a judgment against the executors, in the absence of any proof that the claim had been presented to them. . . . This was in direct violation of the statute [Code Civ. Proc., § 1502, now Prob. Code, § 709], which required presentation of the claim before any judgment could be entered." To the same effect is *Falkner* v. *Hendy* (1895) 107 Cal. 49 [40 P. 21, 386]. There, the trial was in progress when defendant Hendy died; it was ordered that the trial be continued in the name of his executors; thereafter, these defendants (executors) objected to further proceeding with the trial, or the taking of further evidence, on the ground that the claim upon which the action was based had not been presented to the executors for allowance. In reversing a judgment in favor of plaintiff, the court stated (p. 54):

"Undoubtedly, respondent had the right to present his claim to the representatives of Hendy at any time within the period allowed by law for the presentation of claims, but he was not entitled to recover a judgment which will bind the estate of Hendy until such presentation had been made."

■ Summary judgment is proper if the affidavits filed by the moving party state facts sufficient to sustain a judgment in his favor and the counteraffidavits do not set forth competent and sufficient evidence to present a triable issue of fact. (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851 [94 Cal.Rptr. 785, 484 P.2d 953]; *Dixon* v. *Grace Lines, Inc.* (1972) 27 Cal.App.3d 278, 289 [103 Cal.Rptr. 595]; *Saporta* v. *Barbagelata* (1963) 220 Cal.App.2d 463, 468 [33 Cal.Rptr. 661]; *Kramer* v. *Barnes* (1963) 212 Cal.App.2d 440, 445 [27 Cal.Rptr. 895].)

■ The declaration in support of defendant's motion for summary judgment stated facts sufficient to sustain a judgment in her favor. These facts were that within the four-month period allowed for the filing or presentation of creditors' claims, plaintiff neither filed a claim with the clerk of the court in the probate proceeding, nor presented a claim to the special administrator of Lewy's estate. In his declaration opposing the motion, plaintiff did not deny such statements, nor did he set forth any other evidence sufficient to present a triable issue of fact. Plaintiff stated only that the special administrator, through its attorney, agreed to accept service of the summons and first amended complaint, that the administrator filed an answer and it did not object to presentation of plaintiff's claim in the form of the amended complaint. The further statement that "the claim of Plaintiff was fully presented and regularly rejected by the Estate of Bert M. Lewy" is merely a conclusion of law.[6] It follows that summary judgment properly was entered in favor of defendant.

Plaintiff contends the trial court erred in denying his motion for leave to file a supplemental first amended complaint. Code of Civil Procedure section 464 provides: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case occurring after the former complaint or answer." Plaintiff wished to file a supplemental pleading in order to allege the pre-

---

[6]In the declaration supporting plaintiff's motion for leave to file a supplemental first amended complaint, plaintiff's attorney stated that his "claim" was presented to the attorney for the special administrator on or about September 20, 1971. However, no such statement appears in plaintiff's declaration opposing the motion for summary judgment.

sentation of a claim after the filing of the first amended complaint. Where an action is pending at the time of the defendant's death, and a claim thereafter is presented pursuant to Probate Code section 709, the proper procedure is to file a supplemental complaint alleging the death and due presentation of the claim. (*Falkner* v. *Hendy, supra,* 107 Cal. at p. 52; *Clary* v. *Miller* (1951) 101 Cal.App.2d 790, 793 [226 P.2d 32]; *Thomas* v. *Fursman* (1918) 39 Cal.App. 278, 286 [178 P. 870]—opn. of Supreme Court den. pet. for hg.) However, it appears that plaintiff did not, in fact, file or present a claim against Lewy's estate; hence, he could not properly allege presentation of a claim.

■ A motion to file a supplemental pleading is addressed to the discretion of the trial court; its ruling thereon will not be disturbed on appeal in the absence of a showing of manifest abuse of that discretion. (*Erickson* v. *Boothe* (1954) 127 Cal.App.2d 644, 647 [274 P.2d 460]; *Holman* v. *County of Santa Cruz* (1949) 91 Cal.App.2d 502, 516 [205 P.2d 767].) There is no such showing in this case.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 31, 1974. Tobriner, J., was of the opinion that the petition should be granted.