I. H. GARDNER, Appellee,

v.

Fred BOSTON, Administrator of the
Estate of Harold Schonwald,
Deceased, Appellant.

No. 47648.

Supreme Court of Oklahoma.

Nov. 1, 1977.

Cohen & Pluess, Oklahoma City, for appellee.

Halley, Spradling, Stagner & Alpern, Oklahoma City, for appellant.

IRWIN, Justice.

This action was brought by the administrator of the estate of Harold Schonwald to vacate a judgment entered against decedent during his lifetime. The trial court, after submission of the case on stipulated facts,[1] refused to vacate the judgment.

---

1. The stipulated facts provide:

"Judgment was entered in this case on the 31st day of May, 1972, in favor of I. H. Gardner, and against the Defendant, Harold Schonwald, now deceased."

"Harold Schonwald perfects an appeal of such judgment to the Supreme Court of Oklahoma in due course, which appeal was referred to the Court of Appeals, Division 2."

"Pending the appeal in the Supreme Court, and on February 28, 1973, Harold Schonwald died."

"On the 23rd day of May, 1973, Fred Boston was appointed administrator of the Estate of Harold Schonwald."

"Notice to Creditors was duly given and published by Fred Boston, Administrator of the Estate of Harold Schonwald on the 24th day of May, 1973, and the last date for the filing of claims with the Administrator was on the 23rd day of July, 1973."

"On the 23rd day of May, 1973, Fred Boston, Administrator, moved the Supreme Court to substitute himself as appellant in the appeal herein, which motion was sustained and Fred Boston, Administrator, was substituted as the appellant by the Supreme Court by order on the 11th day of June, 1973."

"Fred Boston, Administrator, through his duly authorized attorneys, perfected the appeal, filed briefs and at all times had actual

The parties stipulated that the following issue was presented:

"When, in an action on a contractual claim in which a judgment has been rendered against a party, such party dies during the appeal, and where the Administrator of such deceased party causes the action to be revived in his name as such Administrator and actively prosecutes the appeal, does the failure of the judgment creditor to file a verified claim within the time for such claim preclude the assertion of such judgment, afterward affirmed, as a valid claim in the estate?"

We answer the issue presented in the negative and affirm the judgment of the trial court as herein explained.

Appellant cites 58 O.S.1971, secs. 333 and 346; *Tucker v. Gautier,* 196 Okl. 267, 164 P.2d 613 (1946), and *Whitman v. Whitman,* Okl., 397 P.2d 664 (1964) to sustain his contention that the action is barred because the claim was not filed with him, the administrator, within the time allowed by law.

58 O.S.1971, sec. 333 provides:

" . . . all claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever."

58 O.S.1971, sec. 346, has not been amended and provides:

"When any judgment has been rendered for or against the testator or intestate in his life-time, no execution shall issue thereon after his death, except:

\*     \*     \*     \*     \*     \*

A judgment against the decedent for the recovery of money, must be presented to the executor or administrator, like any other claim.  \*  \*  \*".

In *Tucker,* supra, we held that where a judgment is for money only no execution can be issued on the death of the judgment debtor and the judgment creditor is required to file a claim for the judgment with the executor or administrator of the deceased judgment debtor.

In *Whitman,* supra, we held:

"On the death of a judgment debtor, a money judgment creditor is relegated to the procedure provided by Title 58 O.S. 1961, §§ 339, 345 and 346, for the establishment and enforcement of such judgment as a claim against the estate of the deceased judgment debtor.  .  .  .

A revivor proceeding, instituted under the terms of Title 12 O.S.1961, § 1077, is not a statutory substitute for the procedure of the probate code for the establishment of a money judgment rendered against a decedent judgment debtor during his lifetime as an obligation of and claim against his estate, but such judgment must be presented as a claim against the estate and if rejected an action thereon must be commenced, in compliance with the provisions of Title 58 O.S.1961, §§ 339 and 346."

*Tucker* and *Whitman,* supra, were promulgated prior to 1965 when our "Revivor" statutes (12 O.S.1961, secs. 1063–1075 and 1077–1078) were repealed and our "Substitution" statutes were enacted.  See 1965 Session Laws, Chapters 229 and 299; and *Palmer v. Belford,* Okl., 527 P.2d 589 (1974).

notice of the judgment rendered in this cause by the trial court and of the appeal."

"On the 5th day of November, 1973, Fred Boston, Administrator, filed a motion in the Supreme Court to remand the case for vacation of judgment and dismissal of the action for failure to file a claim with the Administrator."

"On the 15th day of November, 1973, the Court of Appeals, Division 2, entered an order, a copy of which is attached hereto, denying without prejudice, the motion as being premature."

"On the 17th day of December, 1973, the Court of Appeals, Division 2, affirmed the judg-

ment in this case and the mandate was duly issued."

"No claim supported the affidavit of I. H. Gardner or someone in his behalf that the amount of the claim was justly due, that no payments had been made thereon which were not credited, and that there were no offsets to the same, to the knowledge of the claimant or affiant was presented to Fred Boston, Administrator of the Estate of Harold Schonwald, deceased."

\*     \*     \*     \*     \*     \*

Although sec. 1077 related to revivor "if either or both parties die after judgment, and before satisfaction thereof", the "Revivor" statutes made no reference to the probate code or the filing of claims in probate proceedings. Also, *Tucker* and *Whitman* were promulgated prior to the repeal of 58 O.S.1971, sec. 343,[2] which provided:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

Appellee did not file his claim with the administrator. While the judgment rendered against the decedent during his lifetime was pending on appeal, the administrator moved to substitute himself as the appellant pursuant to 12 O.S.1971, sec. 1080. The administrator was substituted as appellant by order of this Court within the time allowed for filing claims. Appellee contends that by the substitution of the administrator as the appellant during the time allowed for filing claims, it was not necessary for him to "file" a claim or his judgment with the administrator.

12 O.S.1971, secs. 1080 and 1081, in part, provide:

"§ 1080. Death of party prior to final judgment—Substitution of representative or successor in interest.

(a) "When a party dies prior to final judgment and the cause of action survives, a motion to substitute the representative or successor in interest of the decedent may be made by any party to the action or by the representative or successor of the deceased party. * * * Where a defendant dies, it is not necessary to present the claim to the decedent's representative before substituting him as a party to the action."

(b) * * *

(c) * * *

§ 1081. Death of party after verdict or judgment.

(a) * * *

(b) * * *

(c) "If a defendant dies after verdict or after judgment and the verdict and judgment are in favor of the plaintiff, the judgment shall be filed with the representative of the decedent within the time allowed for filing other claims and the judgment shall be treated as if it has been allowed by the representative and it shall be payable in the due course of administration."

Appellee recognizes that prior to the repeal of our "Revivor" statutes and enactment of our "Substitution" statutes in 1965, this Court held that where an action is pending for breach of contract and defendant dies, the suit may not be maintained against the decedent's representative without the filing of a claim against his estate as provided by the probate code (sec. 343) although the action had been timely revived within the time allowed for filing claims. See *Cleage v. Jackson*, 200 Okl. 375, 194 P.2d 843 (1948).

■ Although secs. 1080 and 1081 are codified as part of our code on civil procedure and sec. 343 was, prior to its repeal, and sec. 346, is part of our probate code, all four sections relate to claims and/or judgments in probate proceedings. After the enactment of our "Substitution" statutes in 1965 and prior to the repeal of sec. 343 in 1972, it might appear that during that time it was still necessary to file a claim with the administrator to continue an action against decedent's representative. However, with the repeal of sec. 343 in 1972, and considering sec. 1080 with 1081(c), we can only conclude that it is not necessary to present a claim to decedent's representative but a pending action may be continued by simply commencing, within the time allowed for filing claims, proceedings for substituting the decedents representative as a party to the action. Query: Is this same rule applicable where, as in the case at bar, a judgment has been rendered against a decedent prior to the death of the decedent judgment debtor in the case at bar.

---

2. 58 O.S.1971, sec. 343 was repealed, effective February 23, 1972 (1972 Session Laws, Ch. 28)

during his lifetime and an appeal is pending at the time of decedents death?

Sec. 1080 relates to "Death of party prior to final judgment", i. e., to actions pending in the trial court or cases pending on appeal. Sec. 1081 relates to "Death of party after verdict or judgment", i. e., to those cases where a trial court judgment has become final without appeal or judgments that have become final on appeal.

■ We conclude that where a creditor recovers a money judgment on a contractual claim against a debtor and the debtor dies while the case is pending on appeal, if "Substitution" proceedings are commenced within the time allowed to file a claim against the debtor's estate, the creditor may continue and maintain the case on appeal against the deceased debtor's representative without filing a claim against the debtor's estate.

In the case at bar the deceased debtor's representative (appellant) was substituted within the time allowed for filing claims in the estate. The judgment on appeal became final and constitutes a valid judgment against the debtor's estate.

Judgment affirmed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C. J., and DOOLIN, J., dissent.